UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:20CV209-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPROXIMATELY $30,690.00 IN US )<br>CURRENCY SEIZED FROM DAEVEONE )<br>STEWART ON AUGUST 14, 2019 AT )<br>CHARLOTTE-DOUGLAS INTERNATIONAL )<br>AIRPORT, )<br>)<br>Defendant. ) | **ORDER OF<br>DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture (Doc. 8). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the defendant property of approximately $30,690.00 in United States Currency (the "Currency"). For the reasons stated herein, the Court grants the Government's Motion.

### I. BACKGROUND

On March 8, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (Doc. 1) against the Currency, alleging the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846. As required by Supplemental Rule G, the Government provided direct notice and notice by publication. No claims were filed as to the currency and the

1

time period to do so has expired. On June 23, 2020, the Clerk entered default (Doc. 7) pursuant to Federal Rule of Civil Procedure 55(a).

## II. DISCUSSION

A court may enter a default judgment when a party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55. In the civil forfeiture context, default judgment is permitted where there are no claims to the defendant property. *See United States v. 47 W. Oakview Rd.*, No. 1:10CV88, 2011 WL 304972, at *1 (W.D.N.C. Jan. 28, 2011) ("The Court therefore finds that the Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate."); *United States v. $42,041.00 in U.S. Currency*, No. 1:12-CV-87, 2012 WL 6953388, at *1 (E.D. Tex. Oct. 30, 2012) (report and recommendation) ("To date, no claims or answers have been filed in this action, and the time limitations have expired. Further . . . the United States Clerk's Office entered a default (Doc. No. 8) as to all potential parties or claimants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. There is no reason to proceed any further in this matter. Therefore, the Government's motion for default judgment should be granted, and the Court should enter a default judgment pursuant to Rule 55(b)(2).").

Here, the Government filed a detailed Forfeiture Complaint setting forth the factual and legal basis as to why the Defendant Property is subject to forfeiture. After that, Supplemental Rule G(4) requires that the Government provide (1) notice by publication and (2) notice to all known potential claimants. The Government did so, and no claims were filed. Accordingly, no valid claim to the property exists, and the Clerk entered default. *See* Doc. 7. Now, nothing more is required for this Court to enter default judgment. Therefore, pursuant to Rule 55(b)(2), the requested default judgment as to the Currency is appropriate.

### III. JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture (Doc. 8) is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following Defendant Property:

> **Approximately $30,690.00 in United States currency seized from Daeveone Stewart on August 14, 2019, at the Charlotte-Douglas International Airport.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Property as provided by law.

IT IS SO ORDERED.

Signed: June 29, 2020

*[Signature]*

Frank D. Whitney
United States District Judge